UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAQUANA WILLIAMS,

    Petitioner,                                        Civil Action No.
                                                        2:18-CV-13693

                                                        HONORABLE MARK A. GOLDSMITH
v.                                                    UNITED STATES DISTRICT JUDGE

SHAWN BREWER,

    Respondent.
_____/

**OPINION & ORDER
DENYING PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A
CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL IN
FORMA PAUPERIS**

Petitioner Daquana Williams, confined at the Huron Valley Women's Correctional Facility in Ypsilanti, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1). In her pro se application, Petitioner challenges her conviction for two counts of second-degree murder. Mich. Comp. Laws § 750.317. For the reasons stated below, the petition for writ of habeas corpus is denied.

**I.    BACKGROUND**

Petitioner was originally charged with two counts of first-degree felony murder, one count of first-degree arson, and one count of assault with intent to commit murder. Petitioner entered into a plea agreement with the Wayne County Prosecutor, in which she pleaded guilty to two reduced charges of second-degree murder, in exchange for dismissal of the original first-degree felony murder charges. The prosecutor also agreed to dismiss the arson and assault charges. The parties agreed that Petitioner would receive a sentence of forty to sixty years. Tr. 8/29/16, at 3-6

1

(Dkt. 8-8). The judge advised Petitioner that she would be giving up her right to a trial and all associated rights by pleading guilty. Id. at 6-7. Petitioner acknowledged on the record that she understood her trial rights and agreed to waive them. Id. Petitioner indicated that no one had threatened or coerced her into pleading guilty and that she was entering her plea freely and voluntarily. Id. at 6-7. The judge advised Petitioner that in order to plead guilty she would have to tell him exactly what her role was with the fatal arson fire. Id. at 7. The parties then went through a lengthy colloquy to obtain a factual basis for the guilty plea. Id. at 7-19. Petitioner initially showed some reluctance to admit certain facts of the crime and actually denied involvement with the arson other than "being with the wrong people." Id. at 8-10. After further questioning from the judge, the prosecutor, and defense counsel, however, Petitioner ultimately admitted that she was present with her co-defendants when plans were made to firebomb the home that was set on fire; that she knew the co-defendants were going to attack the house; that she knew that one of her co-defendants was armed with a Molotov cocktail while several other co-defendants were armed with other weapons; that she saw a Molotov cocktail thrown at the house; and, most importantly, that Petitioner went with the co-defendants to this house to fight the home's occupants and to protect her co-defendants while knowing that at least one of the co-defendants was armed with a Molotov cocktail. Id. at 10-19. It was stipulated that two persons died in the fire. Id. at 19. Petitioner was sentenced to 40-60 years in prison. Tr. 9/23/16, at 12.

      Petitioner, through her appellate counsel, filed a post-judgment motion to withdraw her guilty plea, claiming that an insufficient factual basis had been made out at the plea hearing to support a finding that Petitioner had the requisite malice to support her convictions for second-degree murder under an aiding and abetting theory and that trial counsel had been ineffective. Tr.

5/12/17, at 3-4. The post-conviction judge, who was not the judge who accepted the plea, denied the motion:

> I could tell by reading the transcript that this young woman was showing some reluctance in setting forth her factual basis, although it looked like part of her reluctance was not wanting to implicate who actually had the Molotov cocktail when they went to this place to fight these women again or these people again at this house. The evidence was put forth at the Plea Hearing that she had an altercation with people at this house the day before. After they left there, people gathered some weapons. They went uh she says she wasn't there at the gas station but was somewhere else, but they came back after going to the gas station. She did see the Molotov cocktail that one of the people that was with that group um that they had and that she was the participant in this group going there to fight and her words were reticent in wanting to acknowledge that she had a part in this put [sic] she ultimately did say that she was there to to [sic] assist with the fight and she was aware that there was a Molotov cocktail there and that–I think it's common knowledge the likely result of the Molotov cocktail being thrown is that people can be injured and that people can die in a fire that results from Molotov cocktail being thrown. She was a willing participant in this group event and I can't find that Judge Hathaway erred in finding that that was a sufficient factual basis under an aiding and abetting theory that she agreed to participate in this group effort and I'm gonna deny the motion to withdraw the guilty plea.

Id. at 4-5.

The Michigan Court of Appeals denied Petitioner's application for leave to appeal on her direct appeal in a form order "for lack of merit in the grounds presented." People v Williams, No. 338645 (Mich. Ct. App. July 13, 2017) (Dkt. 8-11). The Michigan Supreme Court subsequently denied Petitioner's application for leave to appeal in a standard form order without any extended discussion. 906 N.W. 2d 793 (Mich. 2018).

Petitioner seeks habeas relief on the following ground:

> Ms. Williams is entitled to plea withdrawal because her plea was not voluntary, knowing, and intelligent, in violation of her constitutional rights to due process because the factual basis was insufficient. [Williams' trial c]ounsel rendered ineffective assistance by agreeing there was a sufficient factual basis.

Pet. at 3 (Dkt. 1).

3

## II. STANDARD OF REVIEW

The following standard of review is imposed by 28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405-406 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." Id. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 410-411.

"[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (citing Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. at 102 (citing Lockyer v. Andrade, 538 U.S. 63, 75 (2003)). Furthermore, pursuant to § 2254(d), "a habeas court must determine what

arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. Id. To obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his or her claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. at 103.

The Michigan Court of Appeals denied Petitioner's application for leave to appeal on her direct appeal in a form order "for lack of merit in the grounds presented." People v Williams, No. 338645 (Mich. Ct. App. July 13, 2017) (Dkt. 8-11). The Michigan Supreme Court subsequently denied Petitioner's application for leave to appeal in a standard form order without any extended discussion. 906 N.W. 2d 793 (Mich. 2018). Determining whether a state court's decision resulted from an unreasonable legal or factual conclusion, as would warrant federal habeas relief, does not require that there be an opinion from the state court that explains the state court's reasoning. Harrington, 562 U.S. at 98. "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." Id. In fact, when a habeas petitioner has presented a federal claim to a state court and that state court has denied relief, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Id. at 99. That presumption may be overcome only when there is a reason to think that some other explanation for the state court's decision is more likely. Id. at 99-100.

In the present case, the AEDPA deferential standard of review applies where the Michigan Court of Appeals rejected Petitioner's appeal "for lack of merit in the grounds presented" and the

Michigan Supreme Court subsequently denied leave to appeal in a standard form order, because these orders amounted to a decision on the merits. See Werth v. Bell, 692 F. 3d 486, 492-494 (6th Cir. 2012).

### III. DISCUSSION

Petitioner claims that her guilty plea was involuntary because an inadequate factual basis was made out for her plea. In the alternative, Petitioner argues that trial counsel was ineffective in failing to object to the insufficient factual basis.

Petitioner has no federal constitutional right to withdraw her guilty plea. See Hynes v. Birkett, 526 F. App'x. 515, 521 (6th Cir. 2013). Unless a petitioner's guilty plea otherwise violated a clearly-established constitutional right, whether to allow the withdrawal of a habeas petitioner's guilty plea is discretionary with the state trial court. See Shanks v. Wolfenbarger, 387 F. Supp. 2d 740, 748 (E.D. Mich. 2005).

A guilty plea that is entered in state court must be voluntarily and intelligently made. Id. at 749 (citing Boykin v. Alabama, 395 U.S. 238, 242 (1969)). In order for a plea of guilty to be voluntarily and intelligently made, the defendant must be aware of the "relevant circumstances and likely consequences" of his or her plea. Hart v. Marion Corr. Inst., 927 F.2d 256, 257 (6th Cir. 1991). The defendant must also be aware of the maximum sentence that can be imposed for the crime for which he or she is pleading guilty. See King v. Dutton, 17 F.3d 151, 154 (6th Cir. 1994). When a petitioner brings a federal habeas petition challenging his or her plea of guilty, the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. Garcia v. Johnson, 991 F. 2d 324, 326 (6th Cir. 1993). The factual findings of a state court that the guilty plea was properly made are generally accorded a

6

presumption of correctness. Petitioner must overcome a heavy burden if the federal court is to overturn these findings by the state court. Id.

It is only when the consensual character of a guilty plea is called into question that the validity of a guilty plea may be impaired. Mabry v. Johnson, 467 U.S. 504, 508-509 (1984). "A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes)." Brady v. United States, 397 U.S. 742, 755 (1970) (internal citations and quotations omitted).

A habeas petitioner's claim that there was an insufficient factual basis for a guilty plea is not cognizable on habeas review. See Watkins v. Lafler, 517 F. App'x. 488, 500 (6th Cir. 2013). There is no federal constitutional requirement that a factual basis be established to support a guilty plea. Id. While Michigan Court Rule 6.302(D)(1) requires that a factual basis must be elicited from a defendant prior to accepting his or her guilty plea, the failure of a Michigan trial court to comply with this rule does not establish a basis for habeas relief. Watkins, 517 F. App'x at 500. "[T]he requirement that a sentencing court must satisfy itself that a sufficient factual basis supports the guilty plea is not a requirement of the Constitution, but rather a requirement created by rules and statutes." United States v. Tunning, 69 F.3d 107, 111 (6th Cir. 1995). The lack of a sufficient factual basis would not render Petitioner's plea invalid.

Moreover, to the extent that Petitioner argues that it was unduly coercive for the judge to attempt to elicit a factual basis for the plea, she would not be entitled to habeas relief. Federal Rule of Criminal Procedure 11 proscribes judicial participation in plea discussions, but it was

adopted as a prophylactic measure and is not impelled by the Due Process Clause or any other federal constitutional requirement. See United States v. Davila, 569 U.S. 597, 610-611 (2013). Therefore, Rule 11's prohibition of judicial participation in plea bargaining in the federal courts does not invalidate judicial participation in the negotiation of a guilty plea in state courts. See Alvarez v. Straub, 21 F. App'x. 281, 283 (6th Cir. 2001) (quoting Frank v. Blackburn, 646 F.2d 873, 880 (5th Cir. 1980)). A guilty plea is not coerced merely because a trial court judge attempts to elicit a proper factual basis for the guilty plea from a defendant. See, e.g., United States v. Gaither, 245 F.3d 1064, 1068-1069 (9th Cir. 2001).

Finally, Petitioner's initial reluctance to make out a factual basis for her involvement in the arson and murders does not make her plea involuntary. Petitioner does not allege that she did not want to plead guilty, only that she was unable or unwilling to make out a factual admission to the crime. An express admission of guilt is not a constitutional requisite to the imposition of criminal penalties, and a defendant accused of a crime may voluntarily consent to the imposition of a prison sentence even if he or she is unwilling or unable to admit his or her participation in the acts which constitute the crime charged. North Carolina v. Alford, 400 U.S. 25, 37 (1970). Petitioner has failed to show that her plea was involuntary or coerced.

Petitioner alleges, in the alternative, that trial counsel was ineffective for failing to object to the inadequate factual basis to support her plea.

To show that she was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two-prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. Strickland v. Washington, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that

8

counsel's behavior lies within the wide range of reasonable professional assistance. Id. In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. Id. at 689. Second, the defendant must show that such performance prejudiced his defense. Id. To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

The post-conviction judge reasonably concluded that Petitioner made out an adequate factual basis for her guilty plea. Under Michigan law, the elements of second-degree murder are: (1) a death, (2) caused by an act of the defendant, (3) with malice, and (4) without justification or excuse. See Stewart v. Wolfenbarger, 595 F. 3d 647, 654 (6th Cir. 2010) (citing People v. Goecke, 579 N.W.2d 868 (Mich. 1998)). "[M]alice is defined as the intent to kill, the intent to cause great bodily harm, or the intent to do an act in wanton and willful disregard of the likelihood that the natural tendency of such behavior is to cause death or great bodily harm." Id. (citing People v. Aaron, 299 N.W.2d 304 (Mich. 1980)).

To support a finding under Michigan law that a defendant aided and abetted in the commission of a crime, the prosecutor must show that:

> 1. the crime charged was committed by the defendant or some other person;
> 2. the defendant performed acts or gave encouragement that assisted the commission of the crime; and
> 3. the defendant intended the commission of the crime or had knowledge that the principal intended its commission at the time he gave aid and encouragement.

Riley v. Berghuis, 481 F. 3d 315, 322 (6th Cir. 2007) (citing People v. Carines, 597 N.W.2d 130 (Mich. 1999)).

Petitioner admitted at the plea hearing that she knowingly accompanied her co-defendants to the victims' house while knowing that at least one of the co-defendants possessed a Molotov

9

cocktail. Tr. 8/29/16 at 14 (Dkt. 8-8). Petitioner admitted knowing that the other co-defendants intended to firebomb the victims' house. Id. Petitioner admitted to going along with her co-defendants to the victims' house in order to fight the victims and protect her co-defendants. Id. at 16. Petitioner's actions clearly evinced, at a minimum, a wanton and reckless disregard that her actions, or those of her co-defendants, could cause death or great bodily injury, so as to establish that Petitioner acted with malice aforethought to support her second-degree murder convictions.

Petitioner's admissions at the plea hearing were sufficient to establish a factual basis to support her guilty plea—hence, counsel was not ineffective for failing to object to the adequacy of the factual basis for the plea. See United States v. Guzman, 677 F. App'x. 221, 223 (6th Cir. 2017).

Moreover, in order to satisfy the prejudice requirement for an ineffective assistance of counsel claim in the context of a guilty plea, the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty, but would have insisted on going to trial. Premo v. Moore, 562 U.S. 115, 129 (2011) (citing Hill v. Lockhart, 474 U.S. 52, 58-59 (1985)). An assessment of whether a defendant would have gone to trial but for counsel's errors "will depend largely on whether the affirmative defense likely would have succeeded at trial." Hill, 474 U.S. at 59. The Sixth Circuit has interpreted Hill to require a federal habeas court to analyze the substance of the habeas petitioner's underlying claim or defense to determine whether, but for counsel's error, petitioner would likely have gone to trial instead of pleading guilty. See Maples v. Stegall, 340 F.3d 433, 440 (6th Cir. 2003). The petitioner must, therefore, show a reasonable probability that but for counsel's errors, he or she would not have pleaded guilty, because there would have been a reasonable chance that he or she would have been

acquitted had he or she insisted on going to trial. See Garrison v. Elo, 156 F. Supp. 2d 815, 829 (E.D. Mich. 2001). A habeas petitioner's conclusory allegation that, but for an alleged attorney act or omission he or she would not have pleaded guilty, is, therefore, insufficient to prove such a claim. Id. The test of whether a defendant would have not pleaded guilty if he or she had received different advice from counsel "is objective, not subjective; and thus, 'to obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances.'" Pilla v. U.S., 668 F. 3d 368, 373 (6th Cir. 2012) (quoting Padilla v. Kentucky, 559 U.S. 356, 372 (2010)).

Petitioner is not entitled to habeas relief on her ineffective assistance of counsel claim, because she failed to show a reasonable probability that she could have prevailed had she insisted on going to trial, or that she would have received a lesser sentence than she did by pleading guilty. See Shanks, 387 F. Supp. 2d at 750. Petitioner was originally charged with two counts of first-degree felony murder, along with other charges. Tr. 8/29/16 at 6 (Dkt. 8-8). Under Michigan law, a conviction for first-degree murder requires a life sentence without parole. See Perkins v. LeCureux, 58 F.3d 214, 216 (6th Cir. 1995). Petitioner's trial attorney negotiated a plea agreement whereby she was able to plead guilty to the second-degree murder charges with a sentence agreement of forty to sixty years. As a result of the plea agreement, Petitioner avoided a mandatory life sentence without parole. Petitioner does not identify any defenses that she would have had to the first-degree felony murder, assault, or arson charges.

The favorable plea bargain that Petitioner received also weighs against a finding that counsel was ineffective for advising a guilty plea. See Plumaj v. Booker, 629 F. App'x. 662, 667 (6th Cir. 2015) (citing Pilla, 668 F.3d at 373; Haddad v. United States, 486 F. App'x. 517, 522 (6th Cir. 2012)). Indeed, "the Supreme Court has never held that the benefits of a plea agreement

alone cannot suffice to answer the prejudice inquiry, namely whether 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Id. (quoting Hill v. Lockhart, 474 U.S. at 59). Petitioner is not entitled to habeas relief on her ineffective assistance of counsel claim.

## IV. CONCLUSION

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. See Slack v. McDaniel, 529 U.S. 473, 484-485 (2000). A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. Id. at 336-337. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; see also Strayhorn v. Booker, 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right with respect to any of her claims. Accordingly, a certificate of appealability is not warranted in this case. See Strayhorn, 718 F. Supp. 2d at 854.

Although this Court will deny a certificate of appealability to Petitioner, the standard for granting an application for leave to proceed in forma pauperis is a lower standard than the standard for certificates of appealability. Foster v. Ludwick, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002) (citing United States v. Youngblood, 116 F. 3d 1113, 1115 (5th Cir. 1997)). Whereas a certificate of appealability may only be granted if Petitioner makes a substantial showing of the denial of a constitutional right, a court may grant IFP status if it finds that an appeal is being taken in good faith. Id. at 764-765; 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. Foster, 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's resolution of Petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and Petitioner may proceed in forma pauperis on appeal. Id.

In sum, the petition for writ of habeas corpus is denied, a certificate of appealability is denied, and the petitioner is granted leave to appeal in forma pauperis.

SO ORDERED

Dated: February 13, 2020       s/Mark A. Goldsmith
     Detroit, Michigan      MARK A. GOLDSMITH
     United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 13, 2020.

     s/Karri Sandusky
     Case Manager